# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 2:07CR00004 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **ROBERT FRANKLIN DOYLE, JR.**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has sought review of the magistrate judge's order that he be held in custody pending trial. *See* 18 U.S.C.A. § 3145(a)(1) (West 2000 & Supp. 2006). By agreement of the parties, I have considered the evidence presented before the magistrate judge, as well as additional evidence presented by the defendant.

The defendant is charged by indictment with receiving and possessing images of child pornography. *See* 18 U.S.C.A. § 2252A(a)(2)(A), (5)(B) (West 2000).

In 2004, three young boys accused the defendant of sexually abusing them at his residence. As a result of these accusations, Lee County, Virginia, law enforcement officers obtained and executed a search warrant on the defendant's home. A computer was seized from the defendant's bedroom and a subsequent

examination of its hard drive revealed hundreds of images of child pornography. The government alleges that photographs uploaded from a digital camera were present on the hard drive as well. Of these digital photographs, one was of a young boy being sexually assaulted by a person who's face was not visible; one was of the defendant; and one was of a naked boy's backside and appears to have been taken in the defendant's bedroom.

In reviewing the magistrate judge's decision to release the defendant, I "act[] *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished). The charges of receiving and possessing child pornography create a rebuttal presumption that there is no condition or combination of conditions of release that will reasonably assure the appearance of the defendant and the safety of the community. *See* 18 U.S.C.A. § 3142(e) (West 2000 & Supp. 2006).

I agree with the magistrate judge that the defendant has overcome the presumption that no condition of release will reasonably assure his appearance as required. The defendant is forty-five years old and lives in his parents' home. He has resided with them in Lee County for most of his life. There is no indication that he has any significant ties to any other place.

However, I also agree that the defendant has failed to rebut the presumption concerning the safety of the community. In order to establish that there are conditions of release that would ensure the safety of the community, the defendant called his parents and a work supervisor to testify on his behalf. I have reviewed their testimony before the magistrate judge. The defendant's father is a long distance truck driver and only stays in the home on a limited basis. The defendant's mother is retired with multiple health problems and spends most of her time in the home. While the defendant's mother testified that she has vigorously monitored his behavior while he was in the home in the past and would do so if he were released, I cannot attach weight to her testimony, in light of the government's evidence that three young boys were assaulted in her home and that hundreds of images of child pornography were found there. Any conditions placed on the defendant if he were released, such as electronic monitoring, would not prevent him from committing criminal acts similar to the ones described in the indictment and in the government's testimony, especially considering that pornographic images of children are widely available on the internet and can be easily accessed by a personal computer.

For the reasons stated, it is **ORDERED** that the motion for amendment or revocation of the detention order entered March 9, 2007, is DENIED.

ENTER: April 11, 2007

/s/ JAMES P. JONES
Chief United States District Judge